### H. & C. NEWMAN *v.* RICHARDSON and others.

### LETCHFORD *v.* RICHARDSON & CARY.

*(Circuit Court, E. D. Louisiana. June, 1881.)*

1. PARTNERSHIP—NEGOTIABLE INSTRUMENTS—PURCHASER WITH NOTICE.

Where one of two partners fraudulently indorses the name of the partnership upon commercial paper in which it had no property or interest, and obtains money upon it from the indorsee for a purpose clearly outside the scope of the partnership business, the indorsee has no claim against the other of the copartners.

At Law.

*J. Ad. Rozier* and *V. Z. Rozier,* for Newman.

*T. Gilmore & Sons,* for Letchford.

*Bayne & Renshaw* and *J. A. Campbell,* for defendant.

BILLINGS, D. J. The facts in the first case are as follows:

George W. Cary, one of the firm of Richardson & Cary, applies to the plaintiffs for a loan or advance on cotton thereafter to be shipped by his brother, C. W. Cary, of Monticello, Alabama. The plaintiffs demand collateral security. The next morning George W. Cary delivered to them as such collateral security the promissory note upon which suit is brought, which is a note purporting to be made by C. W. Cary, to the order of Richardson & Cary, and was indorsed by George W. Cary in the name of the firm. As a matter of fact, the note was never the property of the firm of Richardson & Cary, and they never had any interest in it, nor had they any interest in the transaction in which the loan or advance was made to G. W. Cary.

In the case of W. H. Letchford against the same party the facts are as follows:

George W. Cary, one of the firm of Richardson & Cary, applied to the plaintiff for a loan of $1,000, to meet a draft that was drawn to make some settle-

ment of, the debts of the old house of Wallace & Cary, and upon making the loan the plaintiff received the promissory note upon which suit is brought, which is a note purporting to be drawn by S. Mims, Jr., to the order of Richardson & Cary, and was indorsed by George W. Cary in the name of the firm. Mims was not even a customer of defendant's firm, and they were under no obligation to pay the debts of Wallace & Cary, and had no interest either in the paper delivered to plaintiff nor in the loan to George W. Cary.

These cases are identical in principle. In both cases one partner fraudulently indorses the name of the partnership upon commercial paper, in which the partnership had no property or interest, and obtains money upon it from the plaintiff, for a purpose manifestly not a partnership purpose. The doctrine upon which partners are held for the action of each other is the doctrine of agency. Authority is implied whenever the act done is within the scope of the partnership business, or is, according to outward circumstances, the act of the partnership. But when the act done is beyond the scope of the partnership business, or is admitted not to be the act of the firm, then a special authority from the other partners, either expressed or implied, must be shown in order to bind them so far as first parties are concerned. These loans were both made for a purpose, not a partnership one. In the one case it was a loan to the brother of George W. Cary, and in the other, a loan for the purpose of paying a debt of another firm.

But it is urged that when one of two innocent parties must suffer, that party who has held out to the other a third party as having an authority he did not possess, must bear the burden or loss. This is true. But the limit of the application is reached when the purpose or object of the act done is unquestionably not that of the firm. The reason of the limitation is that when a partner attempts to use the firm name for a purpose admitted to be outside of a partnership transaction, the party with whom he deals is fairly affected with notice, and put upon his guard, and, if he fails to make suitable inquiry, occupies in law the same attitude as does any other person who deals with an agent whom he knew, or ought to have known, was exceeding his authority. The laws upon the subject are well nigh innumerable, but the American authorities, with great unanimity, establish the doctrine that, so far as first parties are concerned, the firm name cannot be used by one member for a purpose confessedly distinct from the firm's business, so as to bind the other members, without showing special power.

Judgment must therefore be given in favor of the defendant Richardson and against the defendant Cary.